IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2026

**STATE OF TENNESSEE v. WAYNE MORRIS FLOOD**

**Appeal from the Circuit Court for Hickman County**
**No. 24-5188CR    Michael E. Spitzer, Judge**

_____

**No. M2025-01299-CCA-R3-CD**

_____

STEVEN W. SWORD, J., dissenting.

I write separately because I reach a different conclusion than the majority as to the appropriate response to the trial court's deficiency. I agree that the trial court failed to make sufficient findings on the record regarding the grounds on which it found that the Defendant violated the terms of his probation. However, I disagree that a de novo review of the record supports a conclusion that the Defendant committed a technical violation rather than absconding. I will endeavor to briefly explain my reasoning.

The standard to be applied by appellate courts in reviewing probation revocation decisions was articulated by our supreme court in *State v. Dagnan*, 641 S.W.3d 751 (Tenn. 2022). "On appeal from a trial court's decision revoking a defendant's probation, the standard of review is abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation *and* the consequence on the record." *Id*. at 759 (emphasis added). Thus, in a violation of felony probation hearing, the trial court has two separate determinations to make and articulate on the record: 1) did the defendant violate probation and, if so, in what specific ways, and 2) if the defendant is in violation, what is the appropriate response by the court. *Id*. at 757.

As the majority concluded, I, too, would hold that the trial court failed to make sufficient findings on the record as to the basis for the revocation. Our decision today turns on this first finding by the trial court. The majority does not reach the second part of the revocation proceeding. If the trial court based its decision to fully revoke the Defendant's probation on a first instance technical violation, as held by the majority, then full revocation of probation would be contrary to the law, and the trial court's decision must be reversed. *See* Tenn. Code Ann. § 40-35-311(d)(2). However, if the trial court found that the

Defendant violated his probation by absconding, we could then review the justification for full revocation.[1]

Because the trial court failed to make sufficient findings on the record regarding how the Defendant specifically violated the terms of his probation, the *Dagnan* abuse of discretion with a presumption of reasonableness standard does not apply. *See Dagnan*, 641 S.W.3d at 759. "When presented with a case in which the trial court failed to place its reasoning for a revocation decision on the record, the appellate court may conduct a de novo review if the record is sufficiently developed for the court to do so, or the appellate court may remand the case to the trial court to make such findings." *Id*. (citing *State v. King*, 432 S.W.3d 316, 327-28 (Tenn. 2014)). It is at this point that I depart from the majority. I would hold that a de novo review of the record supports the trial court's apparent finding that the Defendant violated the terms of his probation by absconding. I would further conclude that the trial court made sufficient findings on the record as to the reasons for its decision to fully revoke the Defendant's probation and hold that the trial court did not abuse its discretion.

The majority concludes that the record cannot support a finding that the Defendant absconded because "the warrant does not reflect that the Defendant was charged with absconding, the parties did not argue absconding at the revocation hearing, and the trial court made no finding with regard to absconding." I would respectfully counter that the Defendant was on sufficient notice that he was being accused of absconding from probation, and that neither the parties nor the trial court specifically addressed absconding, as all parties involved assumed the Defendant had, in fact, absconded.

Probation revocation proceedings are not a stage of a criminal prosecution, although they may result in a loss of liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Therefore, the "full panoply of rights due a defendant" in a criminal prosecution does not apply in probation revocation hearings. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). However, defendants in probation revocation proceedings are entitled to certain minimum due process requirements, including written notice of the alleged violations. *Gagnon,* 411 U.S. at 786 (citing *Morrisey*, 408 U.S. at 488-89). Generally, a revocation of probation based on a ground "not alleged and noticed to the defendant is a violation of due process." *State v. Conyers*, No. E2004-00360-CCA-R3-CD, 2005 WL 551940 at *4 (Tenn. Crim. App. March 9, 2005), *no perm. app. filed*. This court has previously held that actual notice is sufficient to satisfy due process in probation revocation proceedings. *See State v. Lynch*, No. E2001-00197-CCA-R3-CD; 2002 WL 554462 at *3 (Tenn. Crim. App. April 16, 2002) ("Though written notice is preferred, this [c]ourt has previously held that actual notice will suffice to meet the due process requirements in a revocation of probation proceeding.")

---

[1] The Defendant focused his argument at both the revocation hearing and on appeal on this second part of the proceedings: whether he simply committed a technical violation versus absconding.

(citing cases), *no perm. app. filed*. This court has also stated that due process requirements in probation violation proceedings are "flexible, . . . 'and call[] for such procedural protections as the particular situation demands.'" *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980) (citing *Morrisey*, 408 U.S. at 48).

The Defendant in this case had actual and written notice that he was accused of absconding from probation. It is true that the warrant did not use the word "abscond." However, the allegations in the warrant discussing rules of probation 5, 6, and 10 included the sentences, "The offender has not reported a new address to his officer, and his location is unknown;" "The supervising officer has made unsuccessful attempts to contact him via his last known phone number and listed collateral contacts;" and "The offender was also ordered to report in person once per month, but has failed to comply. His current whereabouts are unknown." In addition to the language in the warrant itself, the violation report, which was filed with the court on the day the warrant was issued, indicated "Zero Tolerance" and "Absconder." The report concluded, "A warrant is respectfully requested for absconding and failure to comply with special conditions." Attached to the report was a "District 51 Absconder Process" document listing the attempts made at locating the Defendant.

The probation officer testified at the revocation hearing, "I submitted a zero tolerance absconder warrant to [the trial judge] which was approved and so that became a violation of his parole." He further testified that he then sent the Tennessee revocation warrant to the State of Missouri, which subsequently issued a parole revocation for absconding, as well. The State then introduced as an exhibit to the hearing a document titled "Interstate Compact Probable Cause Hearing Waiver." This document contained the allegation that the Defendant "was court-ordered to complete the year-long Hope Center Program but failed to comply. He subsequently absconded supervision by leaving the program and failing to report to his Probation Officer. An absconder investigation was conducted, and a warrant was issued by [the trial judge] in Hickman County Circuit Court." Below the allegations, the Defendant initialed the box, "I do admit guilt to the charges," and signed his name on May 28, 2025, two and a half months prior to the revocation hearing.

At the conclusion of the proof, defense counsel stated, "Judge, I'll be the first to admit that the proof is certainly enough to sustain a violation; I'm not going to claim that it did not happen. I think it's just a matter of what now when it comes to the sentence." He then requested that the Defendant be allowed to serve his parole violation in Missouri and then return to the Hope Center on probation when he came back to Tennessee. The trial court ruled, "The court reviewed the file in this case and considered the file, heard the proof today at the hearing. . . . The court finds by a preponderance of the evidence that there was a violation of probation."

In my view, this record is sufficient to find, upon de novo review, that the Defendant violated the terms of his probation by absconding. Because the majority sees this issue differently, I will not discuss the trial court's findings as to why it chose to revoke the Defendant's probation in full, which included the Defendant's unwillingness to accept responsibility and lack of amenability to rehabilitation.

For the reasons set forth above, I respectfully dissent.

s/ *Steven W. Sword*

STEVEN W. SWORD, JUDGE